IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,121-02






EX PARTE STEVEN ANTHONY BUTLER









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 511112 IN THE 185TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. cochran, J., filed a concurring statement in which hervey, and
alcala, jj., joined. Price, j., filed a dissenting statement in which johnson, j., joined.



O R D E R



 On November 10, 1988, Applicant was convicted of the offense of capital murder. 
The jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. The conviction
was affirmed on direct appeal. Butler v. State, 872 S.W.2d 227 (Tex. Crim. App. 1994). 
Applicant's initial writ, Ex parte Butler, No. WR-41,121-01, was denied on April 28, 1999. 
Applicant's first subsequent writ, Ex parte Butler, No. WR-41,121-02, in which he claimed
that his execution would violate the Eighth Amendment's prohibition against the execution
of the mentally retarded, was denied on June 27, 2007. 

 After the United States District Court for the Southern District of Texas denied federal
habeas relief, Applicant appealed to the United States Court of Appeals for the Fifth Circuit. 
The record reflects that the Fifth Circuit has entered an order staying its proceedings in Cause
Number 09-70003, styled Butler v. Thaler, for Applicant to return to state court to present
his claim. 

 This Court denied Applicant's Atkins claim in 2007, after Dr. George Denkowski
testified for the State at the hearing on the -02 writ application. See Atkins v. Virginia, 536
U.S. 304 (2002). In April 2011, Denkowski entered into a Settlement Agreement with the
Texas State Board of Examiners of Psychologists, in which his license was "reprimanded." 
Pursuant to this Settlement Agreement, Denkowski agreed to not accept any engagement to
perform forensic psychological services in the evaluation of subjects for mental retardation
or intellectual disability in criminal proceedings. Applicant thereafter submitted a suggestion
that this Court "reconsider on its own initiative" its denial of his Atkins claim. On December
14, 2011, we exercised our authority to reconsider this cause on our own initiative. We
remanded this cause to the trial court to allow it the opportunity to re-evaluate its initial
findings, conclusions, and recommendation in light of the Denkowski Settlement Agreement. 
 On February 28, 2012, the trial court signed an order adopting the State's Proposed
Findings of Fact and Conclusions of Law which recommended that relief be denied. We
have reviewed the record and the February 28, 2012 findings of fact and conclusions of law. 
Based upon the trial court's findings and conclusions and our own review, we deny relief.

 IT IS SO ORDERED THIS THE 27TH DAY OF JUNE, 2012.

Publish